## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| **ADAM RUESSLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 1:20cv128 SNLJ** |
| **vs.** | ) | |
| | ) | |
| **BOILERMAKER-BLACKSMITH** | ) | |
| **NATIONAL PENSION TRUST BOARD** | ) | |
| **OF TRUSTEES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM and ORDER

Plaintiff Adam Ruessler filed this action under the Employee Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").  He alleges defendant, as trustees of the Boilermaker-Blacksmith National Pension Trust (the "Plan"), improperly denied him disability pension benefits.  The parties have filed cross motions for summary judgment.

## I.    Background

The facts are largely not in dispute.   Plaintiff is a covered participant in the defendant trustees' Plan.  He filed for disability pension benefits on July 17, 2017. At that time, plaintiff admits his application did not attach a Notice of Award from the Social Security Administration ("SSA")—one of several documents used to authenticate an applicant's claim and a required step in the claims process. Defendant notified plaintiff at least six times that he needed to submit the Notice of Award by January 13, 2018, or else he would need to reapply.  Defendant was required to make an initial determination regarding plaintiff's application within 180 days—by  January 13, 2018.  On January 11,

1

2018, defendant wrote to plaintiff informing him that his application was denied because he "failed to provide a copy of [his] Social Security Disability Notice of Award."

A SSA Administrative Law Judge determined plaintiff was disabled on February 22, 2018.  Plaintiff appealed defendant's initial denial on February 27, 2018, noting that he was in the final stages of seeking social security disability benefits with the SSA and had just "had [a] hearing before their judge" on November 2, 2017 (the record does not make clear if plaintiff was yet aware of the ALJ's decision just days earlier). Defendant acknowledged plaintiff's appeal on March 5, 2018. Plaintiff forwarded his "Notice of Decision—Fully Favorable" to defendant on March 18, 2018—275 days after the initial application. Notably, the "Notice of Decision" is not the same as a "Notice of Award" because the Notice of Decision is not final.  The Plan requires submission of a "Notice of Award."

On June 13, 2018, defendant denied plaintiff's appeal, again noting that he had "failed to provide a copy of [his] Social Security Disability Notice of Award *within the 180-day time period allowed*[.]" (emphasis added). In support, defendant quoted Sections 4.09 and 10.01(c) of the Plan, which state in relevant part:

> **C. Disability Pension**
> **Section 4.09. Eligibility for a Disability Pension**. A Participant shall be entitled to a Disability Pension if he is totally and permanently disabled prior to attaining age 65 provided he:
>
> (a) Has been awarded a Social Security Disability Benefit under Title II of the Social Security Act, a Social Security Supplemental Income Award for disability, a Railroad Retirement Annuity because of disability under the Railroad Retirement Act or Canadian Pension Plan Disability benefits offered by the Department of Human Resources and Skills Development Canada (all subsequent references to Social Security Disability or

2

Railroad Retirement Disability under this Part C of Article IV shall be interpreted as including Canadian Pension Plan Disability benefits and all substantially equivalent programs and benefits under the Canadian Pension Plan Disability, such as trial work);

[…]

(d) Has <u>filed a written application for benefits</u> with the Fund Office in accordance with Section 8.01, <u>together with a notice of award of disability benefits from the Social Security Administration or the Railroad Retirement Board.</u>

[…]

**Section 10.01. Claims and Appeals Procedures.**

[…]

(c) **Initial Benefit Determination**. Approval or denial of the claim will normally be <u>made within ninety (90) days</u> after the claim has been received by the Plan. If additional time is required in special cases, the claimant will be notified in writing of the special circumstances requiring <u>an extension of time</u> and of the date by which the Plan expects to render the final decision, <u>which will be not more than ninety (90) days from the end of the initial time period</u>. Written notice of the extension shall be furnished to the claimant prior to the commencement of the extension. If additional information is required, the claimant will be notified and requested to furnish the necessary data within the 180-day time period specified by this provision.

[…]

[#1-8, #8-1 (emphasis added).] Based on these provisions, and specifically Section 10.01(c), defendant said it was time-bound to either accept or deny plaintiff's application within 180 days. Because the SSA award was not added to the application with that 180-day period, defendant says it was required—by both the Plan and federal regulations—to deny it. Defendant notes, for example, that 29 C.F.R. § 2560.503-1(f)(1)

3

essentially mirrors the Plan's language in requiring timely benefit determinations within 180 days.[1]

Section 10.01(e) of the Plan provides that plaintiff is entitled to appeal any denial of benefits.  Section 10.01(g) provides the procedures for that appeal.  Section 10.01(g)(1) allows plaintiff to "submit in writing issues, comments, documents, records, and other information relating to a claim."  Further, Section 10.01(g)(4) requires trustees to "Review all comments, documents, records, and other information submitted by the claimant related to the claim regardless of whether such information was submitted or considered in the initial benefit determination."  And Section 10.01(g)(5) requires defendant to "decide the claim anew."

Plaintiff engaged in several communications with defendant during the pendency of his appeal.  On April 26, 2018, defendant sent plaintiff a pension application packet

---

[1] The regulation reads:

> (f) Timing of notification of benefit determination—
> (1) In general. Except as provided in paragraphs (f)(2) and (f)(3) of this section, if a claim is wholly or partially denied, the plan administrator shall notify the claimant, in accordance with paragraph (g) of this section, of the plan's adverse benefit determination within a reasonable period of time, but not later than 90 days after receipt of the claim by the plan, unless the plan administrator determines that special circumstances require an extension of time for processing the claim. If the plan administrator determines that an extension of time for processing is required, written notice of the extension shall be furnished to the claimant prior to the termination of the initial 90–day period. In no event shall such extension exceed a period of 90 days from the end of such initial period. The extension notice shall indicate the special circumstances requiring an extension of time and the date by which the plan expects to render the benefit determination.

29 C.F.R. § 2560.503-1(f)(1).

and a letter explaining that the application should be completed if the Board denied plaintiff's appeal.  On May 4, 2018, plaintiff called defendant by phone to inquire about the unsolicited pension application packet.  Plaintiff asked whether his pension amount would increase if he waited to apply.  On May 7, 2018, the Board sent plaintiff pension estimates for different scenarios.

Underlying the parties' dispute is "Amendment No. 4" to the plan, which was adopted in early 2017 and became effective for annuity starting dates on or after October 1, 2017.[2]  Amendment No. 4 substantially reduced benefits available under the disability pension benefit for annuity starting dates starting on or after October 1, 2017. Plaintiff alleges that his disability pension benefits would potentially decrease by nearly $2,000 per month depending on whether his claim were filed in June 2017 (when he initially filed) or some time thereafter (the necessary result of any refiling effort).

Plaintiff filed his first lawsuit about the appeal denial on September 6, 2019.  On September 19, defense counsel emailed plaintiff's counsel and informed him that plaintiff could reapply for pension benefits and that reapplying would not prevent him from litigating the decision on his 2017 application.  Defendant later filed a motion to dismiss noting that plaintiff could simply reapply for benefits.  Plaintiff did not respond to the motion and later dismissed the case without prejudice.  He then reapplied for benefits and began receiving an early retirement pension.

---

[2] The amended complaint identified the source of the Plan changes as a document titled "Funding Improvement Plan for Plan Year Beginning January 1, 2018."  [*See* Doc. 19, Doc. 22 at ¶ 27.]

Plaintiff filed this lawsuit a few months later with two counts: Count I for unpaid benefits under 29 U.S.C. § 1132(a)(1)(B); and Count II for equitable relief resulting from defendant's breach of fiduciary duties under 29 U.S.C. § 1132(a)(3)(B).  Both parties have filed for summary judgment.

## II.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law."  *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962).  The burden is on the moving party.  *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).  After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts.  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts.  *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983).  The court is required to resolve all conflicts of evidence in favor of the nonmoving party.  *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541

F.2d 207, 210 (8th Cir. 1976).  With these principles in mind, the Court turns to the discussion.

## III.   Discussion

Plaintiff contends that he is entitled to judgment as a matter of law on his claim that the defendant wrongfully denied his appeal and also that the defendants violated their Duty of Loyalty owed to plaintiff under the Plan.

### A.  Count I

In a benefits dispute claim under 29 U.S.C.  § 1132(a)(1)(B), the Court must decide if the Board wrongly denied plaintiff benefits to which he is entitled under the terms of the Plan.  *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300 (2009).  The parties dispute what standard of review this Court must apply.

If the plan document gives the administrator or fiduciary "discretionary authority to determine eligibility for benefits or to construe the terms of the plan," courts review the administrator's decision under an arbitrary or capricious standard.  *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  Here, defendant notes, the Plan provides the Trustees with full discretion to decide (1) whether an applicant is eligible for benefits and (2) the meaning of the Plan's terms.  Thus, defendant says the Court should review the Board's decision under the arbitrary and capricious standard.

Plaintiff argues that this Court should review the defendant's decision using the "modified abuse of discretion" standard.  *See McIntyre v. Reliance Std. Life Ins. Co.*, 972 F.3d 955, 959 (8th Cir. 2020). This standard of review allows judges to explore all conflicts of interests and procedural irregularities that exist in the administrative record and determine how such conflicts and irregularities affect the lawfulness of a Plan administrator's discretionary decision making.  *Id.*  The modified abuse of discretion

7

standard is appropriate when: (1) a palpable conflict of interest exists, which (2) caused a

serious breach of the plan administrator's fiduciary duty. *See  McIntyre*,  972 F.3d at 959.

To satisfy the second prong of this test, the plaintiff must show that the conflict has some

connection to the substantive decision reached. *Woo v. Deluxe Corp*., 144 F.3d 1157,

1161 (8th Cir. 1998) (citing *Buttram v Central States, S.E. & S.W. Areas Health &

Welfare Fund*, 76 F.3d 896, 901 (8th Cir. 1996)).  Plaintiff argues that defendant has

"exclusive management and control of the Trust" and "benefits under this Plan will be

paid only if the Trustees and their designees decided, in their discretion, that the applicant

is entitled to benefits." As such, plaintiff argues, defendant is both the decider and payer

of benefits under the Pension Plan and thus an inherent conflict of interest exists. *See

Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 114 (2008).

But defendant points out that being both the decider and payer of benefits does not

support overturning a decision. *See id.* at 117. Instead, particularly where there is no

evidence that the conflict affected the decision, courts simply use this factor as a

tiebreaker.  *Boyer v. Schneider Elec. Holdings, Inc.*, 993 F.3d 578, 581 (8th Cir. 2021).

Notably, plaintiff appears to abandon his argument for a stricter standard of review in his

reply memorandum and thus this Court will apply the arbitrary and capricious standard.

Under the arbitrary and capricious standard, the Court needs to determine only

"whether the decision to deny [the plaintiff] benefits was supported by substantial

evidence, meaning more than a scintilla but less than a preponderance." *Schatz v. Mut. of

Omaha Ins. Co*., 220 F.3d 944, 949 (8th Cir. 2000).  "Provided the decision is supported

by a reasonable explanation, it should not be disturbed, even though a different

reasonable interpretation could have been made."  *Id*. (quotation and citations omitted).

To evaluate the reasonableness of an interpretation, courts examine:

[1] whether [the plan administrator's] interpretation is consistent with the goals of the Plan, [2] whether their interpretation renders any language in the Plan meaningless or internally inconsistent, [3] whether their interpretation conflicts with the substantive or procedural requirements of the ERISA statute, [4] whether they have interpreted the words at issue consistently, and [5] whether their interpretation is contrary to the clear language of the Plan.

*Finley v. Special Agents Mut. Benefits Assoc., Inc*., 957 F.2d 617, 621 (8th Cir. 1992).

ERISA requires plan administrators like defendants to provide an appeal procedure for the review of adverse decisions and a full and fair review of the appeal. 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1(h). A full and fair review during an appeal concerns a beneficiary's procedural rights and requires a thorough review of all relevant information submitted and should consider all evidence and arguments made by the appealing party. *See Anderson v. Nationwide Mut. Ins. Co.*, 592 F. Supp. 2d 1113, 1132 (8th Cir. 2009). A failure to consider all evidence and arguments constitutes an abuse of discretion. *Pettit v. Unum Provident Corp.*, 774, F. Supp. 2d 970, 988 (S.D. Iowa 2011) (citing *Anderson*, 592 F. Supp. 2d at 1130). Plaintiff relies on Section 10.01(e) and (g) of the Plan in support of his claim that his appeal was wrongfully denied because those provisions allow plaintiff to rely on new evidence to support his appeal. Plaintiff says his new evidence is the SSA's "notice of decision—fully favorable," which was not available during the initial application period but which became available just as plaintiff's appeal period started. [*See* #35 at 14.] Section 10.01(g)(4) in particular required defendant to review all information submitted by plaintiff "regardless of whether such information was submitted or considered in the initial benefit determination." (Emphasis added.) Here, defendant denied the appeal because plaintiff "failed to provide a copy of [his] Social Security Disability Notice of Award within the 180-day time period allowed of

January 13, 2018."  Plaintiff says that defendant's stated reason ignores that plaintiff was entitled to and did submit the notice of decision during his appeal, for which the Plan required defendant to "decide the claim anew."  Section 10.01(g)(5).  Plaintiff thus argues that the defendant's interpretation of the Plan renders these provisions meaningless.

Notably, however, plaintiff does not deny that the "Notice of Award" was required to have been submitted within 180 days of the application.  Plaintiff did not submit a "Notice of Award" within 180 days, nor did he submit the Notice of Award with the appeal.  The record reflects only that the "Notice of Decision – Fully Favorable" was submitted with plaintiff's appeal.  As noted, a "Notice of Decision" is not the same as a "Notice of Award," because a "Notice of Decision" is not yet final and can be overruled by the SSA.  *See* 20 C.F.R. § 416.1469.  This Court therefor need not reach whether a late-submitted "Notice of Award" should result in a successful appeal—such a circumstance is not present here.  Plaintiff did not submit a Notice of Award with his application, nor did he submit one in support of his appeal.  None of plaintiff's arguments can overcome that basic failing of plaintiff's application and appeal, and plaintiff's Count I must therefore fail.

**B.  Count II**

Plaintiff's Count II is for breach of fiduciary duties.  Because the claims are somewhat overlapping and are not linearly addressed by the parties, and because plaintiff does not appear to move for summary  judgment on all the claims, the Court will address each party's motion separately.

**1.  Plaintiff's motion**

The Court will address plaintiff's motion first.  Plaintiff argues that defendant breached fiduciary duties that it owed to plaintiff by: (1) not informing him of the effect

10

submitting a new Pension benefit application would have on his  pending appeal;  and
(2) failing  to  inform  him  that  the  notice  of  decision  was  not sufficient to secure
benefits during the appeal process.

### a.  Effect of a new pension application

Plaintiff claims that the Board failed to clarify that he could reapply for a pension
and that reapplication would have no effect on his ability to challenge the Board's
decision about the 2017 application.  However, an ERISA fiduciary need not explain "the
specific impact of the general terms of the plan upon them" as long as it issues a
sufficient Summary Plan Description.  *Maxa v. John Alden Life Ins. Co*., 972 F.2d 980,
985 (8th Cir. 1992).  An insufficient summary plan description is one that lacks
information required by ERISA and its regulations.  *Antolik v. Saks, Inc*., 463 F.3d 796,
801 (8th Cir. 2006).  Although ERISA requires the summary plain description to describe
the claims procedure, the regulations do not require plans to spell out that reapplying
does not undermine a claimant's ability to contest the original decision.  29 U.S.C. §
1022(b); 29 C.F.R. 2520.102-3(s).

It is true that a fiduciary <u>does</u> have a duty to affirmatively inform participants
about their rights when the fiduciary knows or should know that silence will harm the
participants.  *See Kalda v. Sioux Valley Physician Partners, Inc*., 481 F.3d 639, 644 (8th
Cir. 2007).  This duty is triggered when the fiduciary "knows that silence may be
harmful" or "knows or should know that the beneficiary is laboring under a material
misunderstanding of plan benefits...." *Id*. (internal citation omitted).  The only evidence
plaintiff cites to support that defendant knew or should have known that plaintiff did not
realize he could reapply and retain his ability to litigate the 2017 application was the May
2018 phone call.  In that call, however, plaintiff did not appear to express confusion about

11

whether reapplying would affect his appeal.  Instead, plaintiff and the pension specialist discussed plaintiff's waiting to reapply to that his monthly pension amounts would increase.

### b. Inform that the Notice of Decision was insufficient

Next plaintiff argues that the defendant breached its fiduciary duty by failing to inform him that the Notice of Decision was insufficient to support his claim for a Disability Pension.  At the outset, the Court notes that ERISA imposes no duty on fiduciaries "to tell claimants what they must say (or persuade others to say) in order to succeed on their claim."  *Jarecke v. Hartford Life & Acc. Ins. Co.*, 343 F. Supp. 2d 855, 859 (W.D. Mo. 2004).  Fiduciaries "must treat each claimant with procedural fairness, but, because it must also guard against improper claims, it is not its duty to affirmatively aid claimants in proving their claims."  *Ellis v. Metro. Life Ins. Co.*, 126 F.3d 228, 236 (4th Cir. 1997), *abrogated on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

Rather, ERISA requires the benefit determination to include (i) "[t]he specific reason or reasons for the adverse determination," (ii) "the specific plan provisions on which the determination is based," (iii) what additional information is necessary to perfect a claim10 and why that information is needed, and (iv) "the plan's review procedures and the time limits applicable to such procedures...."  29 C.F.R. 2560.503-1(g)(1)(i)–(iv).  There is no suggestion that the January 11, 2018 letter denying plaintiff's 2017 Application did not meet those requirements. In addition, plaintiff's appeal letter focused on the fact that the 180-day deadline should not apply to him because the process was beyond his control.  Plaintiff's Notice of Decision appeared to support that the process was beyond his control.  Plaintiff does not argue that the Plan was ambiguous

about whether the Notice of Decision could suffice for the Notice of Award requirement: the Plan clearly states a Notice of Award was required, and the Notice of Decision was clearly labeled as such.  In addition, the Board advised plaintiff to submit any additional documents by May 1, 2018 that he thought would be helpful.  Despite receiving this document, he never submitted the Notice of Award during the appeal process, which SSA issued on March 18, 2018.

### 2.    Defendant's motion

Defendant divides plaintiff's breach of fiduciary duty claim into three categories: the Board's (1) denying his appeal and requiring him to submit a new application, (2) allegedly failing to inform him about the Auxiliary Disability Benefit and the Conditional Disability Pension, and (3) allegedly encouraging plaintiff to abandon his appeal.

### a.    Denying the appeal and requiring a new application

Mr. Ruessler argues three parts of the claims and appeal process violate the Board's fiduciary duties: allegedly failing to decide the claim anew, applying a rule that is allegedly absent from the Plan (i.e., 180-Day Rule), and delaying the approval of Mr. Ruessler's Disability Pension.  Ultimately, plaintiff offers no evidence to support these alleged breaches.  He has submitted no evidence to support his allegation that the Board failed to decide his claim "anew" because there is no evidence that the Board presumed that the original decision was correct.  Plaintiff admits in his briefing that Plan Document and ERISA both require defendant to make a determination within 180 days of the application.  [Doc. 35 at 12.]  And plaintiff offers no evidence showing that the Board delayed approving his application.

### b.    Failing to inform about the Auxiliary Disability Benefit and the Conditional Disability Pension

Plaintiff alleges that the Board breached its fiduciary duties by failing to inform him about the Conditional Disability Pension and the Auxiliary Disability Benefit.  The Eighth Circuit has held that ERISA fiduciaries need not individually notify participants "of the specific impact of the general terms of the plan upon them."  *Maxa v. John Alden Life Ins. Co*., 972 F.2d 980, 985 (8th Cir. 1992).  Instead, fiduciaries fulfill their duty to adequately inform participants by providing them with the summary plan description. *Erlitz v. Cracker Barrel Old Country Stores, Inc*., 416 F. Supp. 2d 711, 722 (E.D. Mo. 2006).  Here, the Summary Plan Description describes both the Auxiliary Disability Benefit and the Conditional Disability Pension.  Further, the Board alerted plaintiff about the Conditional Disability Pension in the cover letter with the pension packet, the pension application instructions, and the pension application itself.  Notably, plaintiff does not appear to contest summary judgment on this point, and the Court will thus not devote further time to it.  Thus, this part of Count II fails.

### c.     Encouraging plaintiff to abandon his appeal

Plaintiff alleges that the Board breached its fiduciary duty by encouraging him to reapply for benefits and "abandon his appeal." [Doc. 19 at ¶ 69].   Plaintiff identifies three instances when the Board encouraged him to reapply for benefits: (1) the April 2018 letter, (2) the May 2018 letter, and (3) its brief supporting the motion to dismiss in *Ruessler I*.  Plaintiff claims that defendant breached its fiduciary duty by failing to explain both why it sent the April and May letters and what effect reapplying would have on his appeal.  He also claims that encouraging him to reapply to begin receiving benefits under Amendment 4 violates the Board's fiduciary duties.  Plaintiff's argument here is somewhat perplexing in that plaintiff simultaneously contends [Doc. 35 at 18] that defendant did not adequately tell him he could reapply without jeopardizing his appeal.

14

As noted above, fiduciaries must affirmatively inform participants about their rights when the fiduciary knows or should know that silence will harm the participants. *Kalda*, 481 F.3d 644.  Here, defendant discovered that plaintiff had not reapplied when reviewing his appeal.  It again noticed this when reviewing his complaint in *Ruessler I*. This failure indicated to the Board that plaintiff might not have known that he could reapply for benefits and begin receiving at least some benefits while he litigated the denial of his 2017 application.  As such, the Board was fulfilling its fiduciary duty, as articulated in *Kalda*, when it informed him about his ability to reapply.

In addition, plaintiff can identify no harm that arose from this alleged breach. Shortly after receiving the April 2018 letter, plaintiff called the Pension Trust to ask about the letter.  Then, he requested estimates for his pension benefits for different reapplication scenarios.  As such, no evidence supports plaintiff's assertion that defendant failed to explain why it sent the April and May 2018 letters.  Similarly, the Board's counsel sent plaintiff's counsel an email indicating that plaintiff could reapply for benefits and still pursue his claim.  Thus, encouraging plaintiff to reapply for benefits violated no fiduciary duty.

## IV.     Conclusion

The defendant's motion for summary judgment will be granted, and plaintiff's

motion for summary judgment will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment

[Doc. 32] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment

[Doc. 31] is **DENIED.**

**IT IS FINALLY ORDERED** that the trial date set for this matter is VACATED.


Dated this  18th  day of November, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE